Dear Assessor Altazan:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request indicates that the West Baton Rouge Parish Assessor's Office ("Assessor") would like to contract with the West Baton Rouge Parish and City of Port Allen's Public Works Departments ("Public Works Departments") in order to obtain digital photographs of all residential and commercial structures within West Baton Rouge Parish.
Under the proposed contract, the Assessor would purchase and supply the necessary equipment, while the Public Works Departments would obtain digital photographs of the structures in the course of their daily duties of reading gas and/or water meters. The Assessor would also provide compensation to the Public Works Departments in exchange for these services. You have asked for our opinion as to whether the proposed contract is allowed by Louisiana law.
As previously recognized by our office, La.Rev.Stat. 33:1321 specifically authorizes local political subdivisions to jointly engage in any undertaking or exercise of power provided at least one of the participants is authorized to perform such activity. See Attorney General Opinion No. 08-0128. Notwithstanding this specific grant of authority, such intergovernmental agreements must still comply with the constitutional mandates of Louisiana Constitution Article VII, Section 14. See Attomey General Opinion No. 05-0122.
Louisiana Constitution Article VII, Section 14 provides, in pertinent part, the following: *Page 2 
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
 *** (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
It has been the consistent opinion of this office that in order for an expenditure of public funds to be permissible under Louisiana Constitution Article VII, Section 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. See
La. Atty. Gen. Op. Nos. 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
The Assessor is tasked with the responsibility of preparing the tax rolls. Furthermore, in the reassessment of real property's fair market value for taxation, the Assessor is required to reappraise real property at intervals of not more than four (4) years.See La.Const. art. VII, § 18, La.Rev.Stat. 47:2331. In an effort to more accurately perform real property reappraisals, the Assessor has formulated a plan to take photographs of real property prior to these reappraisal intervals. In our view, the Assessor has the legal authority to expend public funds in connection with this plan. We believe the expenditure of public funds in furtherance of obtaining digital photographs of residences and commercial structures constitutes a valid public purpose that comports with the governmental *Page 3 
purpose for which the Assessor has the legal authority to pursue. Furthermore, since the Assessor has the legal authority to engage in such a plan, the Assessor and the Public Works Departments may agree to act jointly in implementing such a plan pursuant to the specific authority granted by La.Rev.Stat. 33:1321.
Turning attention now to the second and third prong of theCabela's test, in our view the proposed contract would not be merely gratuitous. Under the proposed contract, the Assessor would receive the benefit of services rendered via the receipt of digital photographs necessary for accurate reappraisals, while the Public Works Departments would receive compensation for the additional time and effort spent in taking the photographs. Although we are not in a position to determine whether the compensation received by the Public Works Departments would be commensurate with the benefit or value received by the Assessor, we are not aware of any facts that would lead us to believe the proposed expenditures would amount to a prohibited donation of public funds.
Accordingly, it is the opinion of this office that the Assessor and the Public Works Departments may enter into an intergovernmental agreement whereby the Assessor would purchase and supply the necessary equipment for taking digital photographs of residences and commercial structures within West Baton Rouge Parish. The Public Works Departments would be responsible for taking the digital photographs and would also receive compensation for such services.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/chb